IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00550-KLM

COLBY CHESTNUT,

   Plaintiff,

v.

GINA SAMOUEL,

   Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Non-party Myles Nardi's ("Nardi") **Motion to Permit Joinder of Myles Nardi as a New Party** [#34][1] (the "Motion").[2] At the time of the filing of the Motion, Plaintiff Colby Chestnut ("Chestnut") indicated he was taking no position at that time, and he did not subsequently file a response to the Motion. Defendant Gina Samouel ("Samouel") filed a Response [#36] indicating that she is unopposed to the Motion.

Mr. Nardi seeks to join this action as a plaintiff pursuant to the permissive joinder standard of Fed. R. Civ. P. 20(a)(1). *Motion* [#34] at 1. Fed. R. Civ. P. 20(a)(1) provides:

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#21, #27, #28, #29].

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

If permitted to join, Mr. Nardi will assert two claims for relief: (1) a negligence claim against Defendant Samouel, and (2) a claim for negligence against Plaintiff Chestnut, including a vicarious liability claim against Plaintiff Chestnut's employer DP Power Inc., d/b/a DP Power & Lighting, who is not currently a party but who will be served if Mr. Nardi's complaint is accepted for filing. *See Nardi Compl.* [#34-1].

The Court first finds that the requirements of Fed. R. Civ. P. 20(a)(1)(A) are met. The genesis of this lawsuit initiated by Plaintiff Chestnut is a motor vehicle collision which occurred on July 23, 2018. *Compl.* [#16-5] ¶ 4. Mr. Nardi was a passenger in a vehicle driven by Defendant Samouel when they were rear-ended by a vehicle driven by Plaintiff Chestnut. Mr. Nardi specifically states that he will "seek damages against both Plaintiff and Defendant for all losses due to the injuries he received in this collision . . . ." *Motion* [#34] at 2. Thus, Mr. Nardi's asserted right to relief for damages arises from the same occurrence forming the basis of this lawsuit, i.e., the July 23, 2018 traffic accident.

The Court also finds that the requirements of Fed. R. Civ. P. 20(a)(1)(B) are met. The primary question of law or fact common to Plaintiff Chestnut and Mr. Nardi is the determination of liability for the vehicle collision, i.e., whether Plaintiff Chestnut or Defendant Samouel is liable for the accident. *Motion* [#34] at 2. Thus, both requirements of Fed. R. Civ. P. 20(a)(1) for permissive joinder of a party as a plaintiff are met.

Given that both minimum requirements are met, the Court has discretion whether to permit the joinder. *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416-17

(10th Cir. 1984). The Court considers the following factors when deciding a permissive joinder motion after the requirements of Rule 20(a)(1) are met:

> [T]he possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*MDM Grp. Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, *4 (D. Colo. July 14, 2008).

Regarding the first factor, whether prejudice may result to any of the parties in the litigation, Mr. Nardi asserts that "[t]he current parties would not be prejudiced" and that his joinder would "achieve global economy" by allowing Plaintiff Chestnut and Defendant Samouel to "only have to pay litigation costs once." *Motion* [#34] at 2. Given the lack of opposition to the Motion and a lack of anything in the record contradicting Mr. Nardi's statements, the Court finds that this factor weighs heavily in favor of permitting joinder.

Regarding the second factor, the delay of the moving in party in seeking an amendment to the pleadings, Mr. Nardi filed the present Motion [#34] less than two weeks after the Scheduling Conference was held and well before the July 5, 2019 deadline for joinder of parties and amendment of pleadings had passed. Thus, the Court finds that this factor weighs heavily in favor of permitting joinder.

Regarding the third factor, the closeness of the relationship between the new and the old parties, Mr. Nardi was riding in a vehicle driven by Defendant Samouel when hit by Plaintiff Chestnut, and proposed Defendant DP Power Inc. was allegedly Plaintiff Chestnut's employer at that time. *Nardi Compl.* [#34-1]. Thus, the Court finds that this

factor weighs heavily in favor of permitting joinder.

Regarding the fourth factor, the effect of an amendment on the Court's jurisdiction, "[t]he result of adding Mr. Nardi as a party is that the action will no longer have complete diversity of parties due to the common citizenship of both Mr. Nardi and Ms. Samouel." *Motion* [#34] at 2.  Thus, "[a]s there will no longer be complete diversity, the Court will lack jurisdiction and will have to remand to state court." *Id.*  Typically, this factor would therefore weigh heavily against permitting joinder.  However, loss of jurisdiction is not an absolute bar to permitting joinder under Rule 20(a)(1), unlike Rule 19(a)(1) concerning the required joinder of a party.  *See* Fed. R. Civ. P. 19(a)(1) ("A person who is subject to service of process *and whose joinder will not deprive the court of subject-matter jurisdiction* must be joined as a party if . . . ." (emphasis added)).  Here, Mr. Nardi explicitly recognizes that permitting his joinder will required remand to state court, from which this case was removed on February 25, 2019.  *See Motion* [#34] at 2; *Notice of Removal* [#1].  Defendant Samouel is explicitly unopposed to the Motion [#34], *see Response* [#36], and Plaintiff Chestnut has filed no opposition to the Motion [#34].  Given the recognition of the parties that this case will need to be remanded should joinder be permitted, and the lack of opposition to that outcome, the Court finds that this factor is neutral.

Regarding the fifth factor, the new party's notice of the pending action, if Plaintiff Chestnut were indeed acting within the course and scope of his employment with DP Power Inc. at the time of the collision, it would be surprising if DP Power Inc. had no notice of the current lawsuit.  *See Nardi Compl.* [#34-1] ¶ 8.  However, there is no explicit indication in the Motion [#34] or elsewhere on the docket that DP Power Inc. yet has actual notice of Mr. Nardi's proposed claim against the company.  Thus, the Court finds that this

-4-

factor weighs slightly against permitting joinder.

The Court finds that the consideration of these factors weighs in favor of permitting joinder of Mr. Nardi as a plaintiff in this action. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**. The Clerk of Court shall accept Mr. Nardi's Complaint [#34-1] for docketing as of the date of this Order.

In the District of Colorado, remand is considered a dispositive issue. *See* D.C.COLO.LCivR 72.3(a). Thus, before the undersigned can order remand, consent by all parties must be obtained. Although Plaintiff Chestnut and Defendant Samouel have consented to the exercise of jurisdiction by the undersigned for all proceedings in this action, Mr. Nardi and DP Power Inc. have not yet indicated whether they consent or do not consent. Accordingly,

IT IS FURTHER **ORDERED** that Mr. Nardi and DP Power Inc. shall file the Consent-Non-Consent Form [#11] **no later than seven (7) days after** DP Power Inc. enters its appearance in this matter.

IT IS FURTHER **ORDERED** that, **no later than fourteen (14) days after** DP Power Inc. enters its appearance in this matter, Mr. Nardi (either individually or jointly with the other parties in this case) shall file a motion to remand, indicating whether all parties agree to the remand.

Dated: August 8, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge