IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00550-KLM

COLBY CHESTNUT,
MYLES NARDI,

    Plaintiffs,

v.

GINA SAMOUEL,
COLBY CHESTNUT, and
DB POWER, INC., doing business as DP Power & Lighting,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff Myles Nardi's ("Nardi") **Motion to Remand Action to State Court** [#45][1] (the "Motion").[2] The Motion [#45] is unopposed.

On February 25, 2019, this action was removed from Eagle County District Court in Colorado. *See Notice of Removal* [#1]. The Notice of Removal [#1] asserts that the removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff Colby Chestnut is a resident of Colorado, Defendant Gina Samouel ("Samouel") is a resident of California, and more than $75,000 is at issue. On August 8, 2019, the Court

---

[1] "[#45]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#21, #27, #28, #29, #42].

-1-

granted Plaintiff Nardi's motion to join this action. *Order* [#38]. Plaintiff Nardi and Defendant Samouel are both citizens of California. *See* [#39] ¶ 2; [#40] ¶ 1. Plaintiffs assert only state law claims in this matter stemming from a vehicle accident. *See* [#39, #40]. With the joinder of Plaintiff Nardi, the parties agree that this action must now be remanded because the Court lacks subject matter jurisdiction.

Subject matter jurisdiction may be challenged by a party or raised sua sponte by the court at any point in the proceeding. *See, e.g., Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16-19, (1951); *Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." "When our jurisdiction relies solely on diversity of citizenship under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff." *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 968 (10th Cir. 2019). In other words, "*each and every* defendant must be a resident of a different state than the plaintiff." *Jones v. Jones*, 741 F. App'x 604, 605 (10th Cir. 2018) (citing *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015)). Here, Defendant Samouel and new Plaintiff Nardi are both citizens of California, and thus there is no longer complete diversity. Consequently the Court has no diversity jurisdiction. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded."
Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED**. The Clerk of Court shall **REMAND** this action to Eagle County District Court and shall **CLOSE** the case here.

Dated: October 10, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge